[No. 19494. Department One. March 29, 1926.]

Russell Holmes et al., Appellants, v. Whitestone Irrigation & Power Company, Respondent.[1]

[1] Waters and Water Courses (98)—Irrigation—Sale of Water—Contract Rights. Purchasers of irrigated land sold under a charge for water, although refusing to sign a contract in the form agreed upon, are liable for the water supplied, and cannot complain of refusal to continue the supply while in default in their payments.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered January 2, 1925, upon findings in favor of the defendant, in an action on, contract, tried to the court. Affirmed.

W. H. Patterson, for appellants.

Wilson C. Gresham, for respondent.

Askren, J.—This is an action for damages alleged to have been sustained as the result of failure of defendant to furnish water for the irrigation of plaintiff's lands. From a judgment in favor of defendant on a cross-complaint for the reasonable value of water and other materials furnished, plaintiffs have appealed.

The facts, briefly, are as follows: Appellants were purchasers under contract of certain land, which was within the district served by the respondent irriga-

[1]Reported in 244 Pac. 579.

tion company. The company had provided a charge
of $100 per acre for the water right, which was to be
paid off by annual installments of eight per cent of
the principal, six per cent being for interest, and two
per cent for amortization. Respondent furnished
water during 1919, 1920, and a portion of 1921. De-
mands were made by respondent company to have ap-
pellants sign a contract to make payments for the
water right, but these were refused. On June 5, 1921,
appellants were indebted for water theretofore fur-
nished, and were entitled to some credits for labor per-
formed. The credits, however, were for an amount
very much less than the debt due for water. Appel-
lants refused to sign the contract, and no payments
were made upon the account then overdue. After due
notice, the supply of water was shut off. The trial
court made findings of fact in which it found that the
contract submitted to appellants for signature was the
contract they had agreed to make, and that they had
also refused to make any payments for water thereto-
fore supplied them other than the sum of $238.25, a
credit for labor; that the reasonable value of the use
of the water was $494.91, and that other material had
been furnished in the value of $54.68, or a total of
$549.59, upon which appellants were entitled to a credit
for labor performed in the sum of $238.25, leaving a
balance due respondent in the sum of $311.34.

Much of appellants' brief is devoted to the considera-
tion of the question of whether respondent was com-
pelled by law to furnish water to the different water
users, and whether it was a *quasi* public corporation;
but, as we view the findings of the trial court, these
questions are not necessarily involved in this case.

[1] The court having found that the contract sub-
mitted to appellants was in the form that had been

agreed to between the parties, and having also found that appellants were delinquent in the matter of the payment of their bills for water theretofore used, we think the right to refuse to supply further water was one that can properly be exercised, as it was in this case, no matter what rights the public generally may have to require such service. No user of water can refuse to pay his delinquent bills and still demand service.

We have examined the record and find that the evidence preponderates in favor of the court's findings upon all the disputed questions in issue.

The judgment of the trial court is therefore affirmed.

TOLMAN, C. J., HOLCOMB, FULLERTON, and MAIN, JJ., concur.